UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ASHINE MCRAE,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, DARYL MELHADO,
JONATHAN RODRIGUEZ, EDWIN VILLANUEVA,
SCOTT ORENSTEIN, Police Officer JOHN and
JANE DOE ONE through FIVE in their individual
and official capacities as employees of the City of
New York,

                Defendants.
------------------------------------------------------------X

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

17 CV 03103 (LGS)

The Plaintiff, ASHINE MCRAE, by his attorney, The Rameau Law Firm, alleges the following, upon information and belief for this First Amended Complaint:

## INTRODUCTION

1.    This is a civil rights action for money damages brought by plaintiff ASHINE MCRAE (hereinafter Mr. Mcrae or Plaintiff) for damages pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and the common law of the State of New York, against the defendants mentioned above in their individual capacities, and against the City of New York.

2.    Plaintiff seeks compensatory and punitive damages and an award of attorney's fees and costs pursuant to 42 U.S.C.§ 1988.

3. This action arises under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983, and 1988. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. § 1331 and § 1367.

## JURY DEMAND

4. Plaintiff demands a trial by jury in this action.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution.

6. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a) Under 28 U.S.C. § 139l (b) and (c), venue is proper in the Southern District of New York.

## PARTIES

7. Plaintiff ASHINE MCRAE ("plaintiff" or "Mr. McRae") is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendants John and Jane Doe One through Ten were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John Doe One through Ten.

10. Defendant Sgt. Daryl Melhado, Tax #940464, was at all times relevant herein a member and employee and agent of the NYPD. Defendant Melhado is sued in his individual and official capacities.

11. Defendant P.O. Jonathan Rodriguez, was at all times relevant herein a member and employee and agent of the NYPD. Defendant Rodriguez is sued in his individual and official capacities.

12. Defendant P.O. Edwin Villanueva, Tax# 952324, was at all times relevant herein a member and employee and agent of the NYPD. Defendant Villanueva is sued in his individual and official capacities.

13. Defendant Lt. Scott Orenstein was at all times relevant herein a member and employee and agent of the NYPD. Defendant Orenstein is sued in his individual and official capacities.

14. At all times relevant herein, defendants John and Jane Doe One through Ten were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe One through Ten are sued in their individual and official capacities.

15. At all times relevant herein, defendants John and Jane Doe One through Ten either directly participated or failed to intervene in the violation of plaintiff's rights.

16. At all times relevant herein, all individual defendants were acting under color of state law.

17. The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

18. The City was at all material times the public employer of defendant officers named herein.

19. The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior."

## STATEMENT OF FACTS

20. On or about October 7, 2014, at approximately 2:50 pm, defendant officers including defendant Sergeant Melhado, Police Officer Rodriguez, and Police Officer Villanueva arrested Plaintiff and transported plaintiff to the 25th Precinct.

21. While at the precinct, defendant officers Melhado, Rodriguez, Villanueva strip-searched plaintiff.

22. Defendant Rodriguez placed plaintiff in a chokehold restricting plaintiff's breathing.

23. Plaintiff, petrified, ran into the lobby of the police stationhouse asking for help.

24. The defendant officers tazed, pepper sprayed, and punched plaintiff.

25. One of the defendant officers threw plaintiff onto the table and held plaintiff while another defendant officer hit plaintiff with a stick about his head and body.

26. Plaintiff began bleeding from his ear.

27. Defendant officer Rodriguez sprayed plaintiff's rectum with a gas agent.

28. Plaintiff was in pain and asked for medical assistance.

29. Plaintiff was denied medical assistance for some time.

30. Plaintiff was then transported to Metropolitan Hospital where the injury to his ear was treated and plaintiff complained of difficulty hearing.

31. The following day, Plaintiff was transferred to Bellevue Hospital where plaintiff was diagnosed with *otitis externa* and plaintiff's condition thereafter deteriorated.

32. As a result of this vicious attack on plaintiff, plaintiff sustained a loss of hearing in his left ear.

33. Defendant officers acted sadistically and maliciously, demonstrated deliberate indifference toward plaintiff's rights and physical well being, and said acts are examples of gross misconduct.

34. All of the above was done in violation of state and federal law.

35. As a direct and proximate result of the malicious and outrages conduct of defendants set forth above, Plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, serious physical injuries including loss of hearing.

36. The defendant police officers acted with reckless and wonton disregard for the rights, health, and safety of the Plaintiff.

## FIRST CLAIM
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C.

37. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

38. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

39. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, unsafe, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43. The acts complained of deprived plaintiffs of their rights:

   i. Not to have excessive force imposed upon him;

   ii. Not to have summary punishment imposed upon him; and

   iii. To receive equal protection under the law

## SECOND CLAIM
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. NYPD Defendants DARYL MELHADO, JONATHAN RODRIGUEZ, EDWIN VILLANUEVA, TAHIRA JACKSON, SCOTT ORENSTEIN, JOHN AND

JANE DOE #1 -10 violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

47. As a result of the foregoing, plaintiff was subjected to an illegal and improper search.

48. The foregoing unlawful search violated plaintiff constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. The N.Y.P.D. defendants DARYL MELHADO, JONATHAN RODRIGUEZ, EDWIN VILLANUEVA, SCOTT ORENSTEIN, JOHN AND JANE DOE #1 -5 violated the Fourth and Fourteenth Amendments because they used objectively unreasonable force against plaintiff and in violation of plaintiff's constitutional rights.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## FAILURE TO INTERVENE

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

54. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### *Monell*
### Against City of New York

56. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

57. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

58. Defendant City, through DOC and officers to whom policymaking authority was delegated, and acting under the pretense and color of law, permitted, tolerated and was deliberately indifferent to a pattern and practice of DOC staff tolerating and permitting inmate on inmate violence.

59. This widespread tolerance of correction officers standing by, sleeping, or being away from their assigned posts when inmate on inmate violence occurred constituted a municipal policy, practice, or custom and directly led to plaintiff's attack and injuries.

60. Defendant City, through its correction officers, is charged with the care, custody and control of the inmates who are housed at DOC facilities.

61. However, through DOC's long-standing custom and practice, evidenced by numerous cases of inmates being assaulted while staff either permitted, allowed or were derelict of their duties in preventing the assault, led directly to plaintiff's assault and injuries.

62. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences. The City, through its police department and department of corrections, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

63. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

64. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

65. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED: November 3, 2017

Brooklyn, New York

_____/s/_____
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO:     All Defendants
        Michael K. Gertzer
        Corporation Counsel of the City of New York